**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

**In re:**
    **Chrystal Jean Bennett,**                                **Chapter 13**
            **Debtor.**                                              **Case # 18-10346**
_____

**MEMORANDUM OF DECISION**
GRANTING U.S. TRUSTEE'S MOTION TO DISGORGE FEES AND IMPOSE TREBLE FINES,
STAYING U.S. TRUSTEE'S MOTION FOR FURTHER EQUITABLE RELIEF,
AND STAYING DEBTOR'S MOTION FOR SANCTIONS

There are two motions before the Court: (1) the motion of the U.S. trustee ("UST") to compel disgorgement of fees and impose treble fines against Synergy Law, LLC ("Synergy Law") and its owner, Dave Maresca ("Mr. Maresca" and, collectively, the "Respondents") (doc. # 36, the "UST Motion"); and (2) the motion of debtor Chrystal Jean Bennett (the "Debtor") to impose sanctions on Synergy Law (doc. # 77, the "Debtor's Motion") (collectively, the "Motions).[1] For the reasons discussed below, the Court grants the UST Motion in part, stays the UST Motion in part, and stays the Debtor's Motion.

**JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered on June 22, 2012. This a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).

**PROCEDURAL HISTORY**

On November 5, 2018, the UST filed a detailed and well-supported motion requesting that the Court: (a) order disgorgement of all fees paid to the Respondents by or on behalf of the Debtor, pursuant to 11 U.S.C. § 110(h)(3)(B);[2] (b) assess a $500 fine against the Respondents for each violation of § 110,

---

[1] Although the UST described the respondents as "Synergy Law Group, LLC, and Dave Maresca" in his motion (doc. # 36, p. 1), he referenced Synergy Law website, http://synergylawllc.com (id. At ¶ 9), attached a letter from Synergy Law (doc. # 36-2), and served notice upon Synergy Law (doc. # 38). Further, the UST and Synergy Law entered into a stipulation proposing to resolve the motion (doc. # 47), which the UST subsequently withdrew on oral motion at a hearing held on March 19, 2019, at which Terrylle Blackstone appeared as a director of Synergy Law (see doc. # 71). Similarly, although the Debtor referred to "Synergy Law Group, LLC" in her motion (doc. # 77), she referenced the UST's stipulation with Synergy Law (id. at ¶ 3), noted Mr. Blackstone's March 19, 2019, appearance for the respondent (id. at ¶ 9), attached a stopped check from Synergy Law (id. at p.5), and served notice upon Synergy Law (doc. # 77-2). This sufficed to put Synergy Law on notice that the Motions sought relief against it, and thus the erroneous references to "Synergy Law Group, LLC" are not fatal.
[2] All statutory citations refer to Title 11 United States Code (the "Bankruptcy Code"), unless otherwise indicated.

pursuant to § 110(l)(1); (c) triple all such fines the Court imposes against the Respondents, pursuant to § 110(l)(2)(D); and (d) award such other relief as is just and equitable (doc. # 36, pp. 7–8).

On December 13, 2018, the UST filed a stipulation proposing to resolve the UST Motion through: (1) the Respondents' refund of $1,950 in fees to the Debtor, in two installments ($1,000 to be paid by December 31, 2018 and $950 to be paid by January 31, 2019); and (2) the UST's retention of his right to request the Court impose sanctions and grant other appropriate relief if the Respondents failed to (a) timely pay the refund installments in full, and (b) file proof of such payments with the Court (doc. # 47, the "Stipulation").[3]

On March 19, 2019, the Court held a hearing on the UST Motion and the Stipulation, at which Amy Ginsberg, Esq., appeared by telephone on behalf of the UST, Jan Sensenich, Esq., appeared in his capacity as chapter 13 trustee, and Terrylle Blackstone appeared as a representative of Synergy Law, in his capacity as operations director. Mr. Blackstone reported that Synergy Law did have legal representation, but its attorney could not attend the hearing. He offered to pay the second installment due under the Stipulation "into the Court." However, since the Stipulation required the Respondents to pay that money to the Debtor, and the deadline for the payment had already passed, the Court declined that offer. Attorney Ginsberg reported that Synergy Law paid the Debtor the first installment due of $1,000 and filed proof of that payment on January 7, 2019 (see doc. # 59), but never made the second installment of $950 due by January 31, 2019 (see doc. # 47).

At that hearing, the UST orally moved to withdraw from the Stipulation on the basis that (1) the Respondents failed to meet the requirements of the Stipulation; (2) after entering into the Stipulation, Synergy Law participated in an additional case in this District, in which it again failed to comply with local and federal bankruptcy rules and caused the Court to conduct several hearings related to the sufficiency and appropriateness of the bankruptcy case's filing (see In re Abel, Case No. 19-10010 (Bankr. D. Vt. filed Jan. 9, 2019), and Harrington v. Synergy Law, LLC, et al., Adv. Proc. No. 19-01003 (Bankr. D. Vt. filed Apr. 15, 2019)); (3) the UST learned that a Kansas bankruptcy court issued a nationwide injunction against Synergy Law on January 4, 2019; and (4) under these circumstances, disgorgement was not a sufficient remedy for Synergy Law's misconduct. The Court granted the UST's oral motion to withdraw from the Stipulation and to pursue its rights under the UST Motion (doc. # 71). After the UST's withdrawal from the Stipulation, neither of the Respondents filed papers in opposition to the UST Motion.

On April 9, 2019, the Debtor filed a motion seeking sanctions against Synergy Law in the amount

---

[3] The Stipulation also referenced Synergy Attorney Services, LLC, Stephanie Turk, and Monica Chapman as additional respondents (doc. # 47, p.1). However, those parties were neither specified as a respondent in the UST Motion nor listed on the accompanying certificate of service (see doc. ## 36, 38), and thus are not addressed herein.

2

of $3,450, pursuant to § 110(i)(1), representing $900 in actual damages,[4] $2,000 in additional statutory damages, under § 110(i)(1), $550 in reasonable attorney's fees, and other appropriate relief (doc. # 77). The Debtor filed an affidavit in support of her motion on June 17, 2019 (doc. # 94, the "Debtor's Affidavit"). Synergy Law did not file any opposition to the Debtor's Motion.

On June 21, 2019, the Court held an evidentiary hearing on the Motions, at which Amy Ginsberg, Esq., appeared on behalf of the UST, Jan Sensenich, Esq., appeared in his capacity as chapter 13 trustee, and Donald Hayes, Esq., appeared on behalf of the Debtor.[5] There were no appearances on behalf of either of the Respondents. After hearing the arguments of Attorneys Ginsberg and Hayes, the Court took the Motions under advisement.

On August 16, 2019, Synergy Law filed a petition for relief under Chapter 7 of the Bankruptcy Code (In re Synergy Law, LLC, case # 19-00555-SMT (Bankr. D.D.C.)). The Court takes judicial notice of that filing. See Teamsters Nat'l Freight Indus. Negotiating Comm. v. Howard's Express, Inc. (In re Howard's Express, Inc.), 151 Fed. Appx. 46, 48 (2d Cir. 2005) (taking judicial notice of bankruptcy court docket as public filing) (citing Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003)).

## DISCUSSION

### I. THE UST MOTION

#### A. INITIAL QUESTION OF THE APPLICABILITY OF THE AUTOMATIC STAY

Once Synergy Law commenced its bankruptcy case, the automatic stay protected it – as it protects all debtors – from most proceedings that would affect the debtor, property of the debtor, or property of the bankruptcy case, including the "continuation … of a judicial … action or proceeding against the debtor that was … commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1); see In re Carpenter, No. 15-10046, 2015 Bankr. LEXIS 1535, *2, 2015 WL 1956272, *1 (Bankr. D. Vt. Apr. 29, 2015).

The stay is, however, subject to some exceptions. The "governmental unit" exception provides that the automatic stay provision does not extend to:

> the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

---

[4] Although the stipulated second installment payment was $950 (doc. # 47, p. 1), Attorney Hayes clarified at the May 10, 2019, hearing that the Debtor was seeking only $900 in actual damages, as this was the amount of the check she received from Synergy Law, and upon which she asserted it placed a stop payment (see doc. # 77, ¶¶ 10, 12).

[5] The Court also held status hearings on the Motions on April 12, 2019, May 10, 2019, and May 24, 2019, pursuant to several scheduling orders (see doc. ## 80, 85, 91).

3

11. U.S.C. § 362(b)(4). The purpose of this exception "is to prevent a debtor from 'frustrating necessary governmental functions by seeking refuge in bankruptcy court.'" SEC v. Miller, 808 F.3d 623, 631 (2d Cir. 2015) (quoting SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000)). As the legislative history plainly states,

> [W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

H. R. Rep. No. 95-595, at 343 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6299 (emphasis added); see also Miller, 808 F.3d at 631. The exception "permits the entry of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power." Brennan, 808 F.3d at 71–72 (collecting cases) (emphasis in original).

Bankruptcy Code § 110 was enacted "to protect consumers from abuses by non-lawyer bankruptcy petition preparers," In re Moore, 2012 Bankr. LEXIS 4655, *19, 2012 WL 4659873, *7 (Bankr. E.D.N.Y. Sep. 28, 2012) (quoting In re Bradshaw, 233 B.R. 315, 325 (Bankr. D.N.J. 1999)), supplemented, 2012 Bankr. LEXIS 4694, 2012 WL 4718126 (Bankr. E.D.N.Y Oct. 3, 2012), and empowers the UST to enforce its protections. See 11 U.S.C. § 110(h)(4), (i)(1), (j)(3), (l)(3). Here, the UST Motion fits squarely within the governmental unit exception as enforcing the consumer protections set forth in § 110. Accordingly, the Court finds that continuation of this matter under the UST's enforcement powers is not stayed by § 362.

### B.    THE RESPONDENTS ARE BANKRUPTCY PETITION PREPARERS

The UST Motion alleges the Respondents are bankruptcy petition preparers as that term is defined in the Bankruptcy Code (doc. # 36, p. 5). A bankruptcy petition preparer is

> a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation … a petition or any other document prepared for filing by a debtor in a United States bankruptcy court ….

11 U.S.C. § 110(a)(1), (2). There is no evidence in the record that an attorney associated with the Respondents assisted the Debtor, or was involved, in the preparation of her bankruptcy documents. Synergy Law purported to be a law firm (doc. # 36, ¶ 9), but only non-attorneys were involved in preparing the Debtor's bankruptcy filings (id. at ¶¶ 8–12, 22–23, and p. 5).[6] Thus, the Court finds the Respondents acted as bankruptcy petition preparers in their dealings with the Debtor in this case. In that regard, this Court aligns itself with other bankruptcy courts that have found Synergy Law and affiliated

---

[6] Although a defendant in Harrington v. Synergy Law, LLC, et al., Scott Marinelli, was at one point an attorney licensed to practice in New Jersey, his license was suspended on August 25, 2017 (Adv. Proc. No. 19-01003, doc. # 1, ¶ 19), and there is no evidence in the record it was ever reinstated or that he was involved in dealings with the Debtor in this case.

4

parties are bankruptcy petition preparers under § 110. See In re Shippy, 2019 Bankr. LEXIS 2458, *10, 2019 WL 3713684, *3 (Bankr. D. S.C. Aug. 6, 2019) ("[W]hile Synergy [Law, LLC] purports to be a law firm, only non-attorney individuals assisted [the debtor], with negative consequences. Thus, Synergy acted as a bankruptcy petition preparer in this matter."); see also Lynch v. Maresca et al. (In re McNeil), Adv. Proc. No. 19-00014-5-JNC (E.D.N.C. Jul 29, 2019) (granting default judgment against Dave Maresca, Synergy Law, LLC, and other Synergy-related defendants under 11 U.S.C. §§ 110 and 526).

    C.    THE RESPONDENTS MUST DISGORGE FEES AND PAY SANCTIONS FOR VIOLATIONS OF § 110

As stated above, the UST seeks as relief against the Respondents disgorgement of fees under § 110(h)(3)(B), fines under § 110(l)(1), treble fines under § 110(l)(2)(D), and any other just and equitable relief (doc. # 36, pp. 7–8). Under § 110, bankruptcy petition preparers are required, inter alia, to "notify debtors in writing that they are not attorneys and to provide their identifying information to the courts on any bankruptcy documents, sign all such documents, provide copies of the documents to the debtors, and file a fee disclosure statement." Jonak v. McDermott, 511 B.R. 586, 595 (D. Minn. 2014). "Section 110 provides penalties for persons who negligently or fraudulently prepare bankruptcy petitions." Shippy, 2019 Bankr. LEXIS 2458 at *9, 2019 WL 3713684 at *3. Because the Respondents acted as bankruptcy petition preparers in this case, their conduct falls within the purview of § 110.

    i.    *Disgorgement of Fees under § 110(h)(3)(B)*

Section 110 provides in relevant part that "[a]ll fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection [(h)] or subsection (b), (c), (d), (e), (f), or (g)." 11 U.S.C. § 110(h)(3)(B). Thus, the Court must determine whether the Respondents failed to comply with any of those subsections.

Several of the subsections require a bankruptcy petition preparer to make certain disclosures. Subsection (b)(1) requires a bankruptcy petition preparer, when preparing a petition or other document for filing, to "sign the document and print on the document the preparer's name and address." 11 U.S.C. § 110(b)(1). If the preparer "is not an individual, then an officer, principal, responsible person, or partner of the bankruptcy petition preparer" must "sign the document for filing" and provide their name and address. 11 U.S.C. § 110(b)(1)(A)–(B). Subsection (c)(1) states, "[a] bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." 11 U.S.C. § 110(c)(1). Subsection (h)(2) requires the bankruptcy petition preparer file "[a] declaration under penalty of perjury … disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case …." 11 U.S.C. § 110(h)(2).

Here, the Debtor filed a "bare bones" chapter 13 petition without schedules, a statement of

5

financial affairs, pay advices, a credit counseling certificate, or a proposed chapter 13 plan (doc. # 1; doc. # 36, ¶ 5). The petition neither contained signatures or disclosures that showed the Respondents to be acting as a bankruptcy petition preparer, nor included an identifying number for the preparer, nor otherwise indicated someone other than the Debtor prepared the petition (doc. # 1; doc. # 36, ¶ 6). The UST alleges that, "[a]ccording to [the Debtor], [the Respondents] gathered information from her and prepared her bankruptcy petition for filing with the Court" (doc. # 36, p. 5), and the Debtor's Affidavit asserts she was told "Synergy law would take care of 'everything' including filing [her] bankruptcy case, arranging for an attorney in Vermont to represent [her], as well as assembling the required documents," and subsequently an individual at Synergy Law instructed her to file an emergency bankruptcy petition and not to tell the Court she was working with Synergy Law (doc. # 93, ¶¶ 15, 23–27). The UST also alleges the Debtor paid the Respondents fees totaling $1,950 (doc. # 36, ¶¶ 12–14), which the Respondents agreed to refund to the Debtor (see doc. # 47, p. 1). Despite having made these representations to the Debtor, and accepting these payments from the Debtor, the Respondents failed to include a fee disclosure in the prepared petition (doc. # 1; doc. # 36, p. 6). The Court finds the UST's allegations to be credible, persuasive, and undisputed, and therefore reaches the conclusion that the Respondents failed to comply with the requirements of § 110(b)(1), (c)(1), and (h)(2).

Section 110 also prohibits a bankruptcy petition preparer from giving legal advice and includes several related requirements. Subsection (b)(2) states, "[b]efore preparing any document for filing or accepting any fees from or on behalf of a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice … inform[ing] the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice." 11 U.S.C. § 110(b)(2)(A), (B)(i). This provision further requires each notice to be "signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer" and then "filed with any document for filing." 11 U.S.C. § 110(b)(2)(B)(iii). Subsection (e)(2) states, "a bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice." 11 U.S.C. § 110(e)(2)(A). Such prohibited legal advice includes advising the debtor "whether … to file a petition." 11 U.S.C. § 110(e)(2)(B)(i)(I). It also includes advising the debtor "whether the debtor will be able to retain the debtor's home … after commencing a case under this title." 11 U.S.C. § 110(e)(2)(B)(iii). Subsection (f) directs "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any other similar term." 11 U.S.C. § 110(f).

There is no evidence in the record the Respondents provided the Debtor with the written notice required by § 110(b)(2), identifying themselves as bankruptcy petition preparers, and no such notice was filed with the petition (doc. # 1). The UST points out that, on the contrary, "[o]n its website, Synergy Law

described itself as 'An Experienced Full Service [sic] Law Firm'" (doc. # 36, ¶ 9) made up of "legal professionals" and "[o]ur attorneys" (Harrington v. Synergy Law, LLC, et al., Adv. Proc. No. 19-01003, doc. # 1, ¶ 57). Similarly, the Debtor's Affidavit asserts, Synergy Law "represented themselves as a full-service law firm servicing the entire state of Vermont" (doc. # 93, ¶ 6). The Debtor's Affidavit further asserts she contacted Synergy Law in late April 2018, and an employee of Synergy Law advised her they "could help save [her] home from foreclosure" and "that [she] would lose [her] home unless [she] acted" (doc. # 93, ¶¶ 4–5, 8, 10, 13). The Debtor's Affidavit avers when she contacted Synergy Law again on August 22, 2018, [7] an individual "informed [her] that [she] needed to file an emergency petition for bankruptcy relief since [her] home was going to be on the market within 72 hours … he had spoken to USDA Rural Development and was told that the property was going up for foreclosure sale in 72 hours" and further advised her on August 23, 2018, "[her] case was filed, and [she] would not lose [her] home" (doc. # 93, ¶¶ 23–25, 31). The Court finds these allegations to be credible, persuasive, and undisputed by the Respondents, and notes even the entity's name – Synergy Law, LLC – suggests the Respondents provided legal services. See Shippy, 2019 Bankr. LEXIS 2458, at *11, 2019 WL 3713684 at *4; see also In re Ali, 230 B.R. 477, 482 (Bankr. E.D.N.Y. 1999) (collecting cases and ruling that 11 U.S.C. § 110(f) "prohibits the bankruptcy petition preparer from using the word 'legal' or similar terms, such as 'law,' in advertising for bankruptcy business."). Accordingly, the Court finds the Respondents failed to comply with the requirements of § 110(b)(2), (e)(2), and (f).

As noted above, the Debtor paid the Respondents fees totaling $1,950, of which it refunded only $1,000 in accordance with the Stipulation (doc. ## 47, 59). The Court finds disgorgement to the Debtor of the remaining $950 is appropriate, and warranted, under § 110(h)(3) for the Respondents' failure to comply with the requirements of § 110(b)(1), (b)(2), (c)(1), (e)(2), (f), and (h)(2).[8]

        ii.        *Fines under § 110(l)(1) and Treble Fines under § 110(l)(2)*

Section 110(l)(1) states, "[a] bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 110(l)(1) (emphasis added). Courts have found each piece of legal advice a bankruptcy petition preparer gives, which is prohibited under § 110(e)(2), is a separate violation for purposes of § 110(l)(1). See In re Johnson, 2012 Bankr. LEXIS 1816, *4–5 (Bankr. E.D.N.C. Apr. 25, 2012) (fining bankruptcy

---

[7] Although ¶ 23 of the Debtor's Affidavit lists the date as "August 22, 2019," this is clearly a typographical error when taking into account the surrounding paragraphs and the Debtor's petition date, and should be read as "August 22, 2018" (see doc. # 93, ¶ 22–23, 30; doc. # 1).

[8] A bankruptcy petition preparer must also provide the debtor with a copy of any document for filing "not later than the time at which [it] is presented for the debtor's signature," and may not "execute any document on behalf of a debtor," or "collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." 11 U.S.C. § 110(d), (e)(1), (g). The UST has not alleged that the Respondents violated these subsections of § 110 in their dealings with the Debtor; therefore, the Court will not address them herein.

petition preparer for five violations of § 110(e)(2) when she "advised the debtor to file chapter 7, explained that his filing would result in a discharge of his debt, told the debtor that he would be able to retain certain assets, filed reaffirmation agreements in his name, and characterized the nature of his property and debts on the petition."). Section 110(l)(2) further provides, "[t]he Court shall triple the amount of a fine assessed under paragraph (1) in any case in which the court find that a bankruptcy petition preparer … prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D) (emphasis added).

The Court found above that the Respondents failed to comply with the requirements of each of the following subsections: (b)(1), (b)(2), (c)(1), (e)(2), (f), and (h)(2). The Court further finds the Respondents violated § 110(e)(2) on two separate occasions: when they advised the Debtor to file an emergency petition for bankruptcy relief, and when they advised the Debtor she would be able to retain her home by filing her petition. See 11 U.S.C. § 110(e)(2)(B)(i)(I), (e)(2)(B)(iii). The Court also found above that the Respondents failed to disclose their identity in any manner on the petition. The Court is thus required by § 110(l)(2) to triple any fines imposed under § 110(l)(1).

The maximum fine of $500 for each violation is particularly appropriate here because, as the Court found above, the Respondents not only failed to disclose their identity as a bankruptcy petition preparer, but in fact directed the Debtor to hide the fact that she was working with Synergy Law. See Moore, 2012 Bankr. LEXIS 4694 at *7, 2012 WL 4718126 at *2 (noting the maximum penalty of $500 for each violation was warranted where the bankruptcy petition preparer concealed her involvement). It is further warranted because this is not the only case in which Synergy Law has failed to disclose its identity under § 110 and instructed a debtor to hide its involvement. See Lashinsky v. Synergy Law, LLC (In re Gunzinger), Adv. Proc. No. 18-05126, doc. # 1, ¶ 75 (Bankr. D. Kan. Jan. 4, 2019) ("Synergy also instructed [the debtor] not to disclose to anyone that they had advised her about filing for bankruptcy"), doc. # 8 (granting default judgment against Synergy Law).

Accordingly, the Court finds fines of $3,500 are appropriate and warranted pursuant to § 110(l)(1), as a fine of $500 for each of the Respondents' seven violations of the § 110 requirements. The Court further finds these fines must be tripled pursuant to § 110(l)(2), for total fines in the amount of $10,500.

    D.    INJUNCTIVE RELIEF IS WARRANTED BUT STAYED AGAINST SYNERGY LAW

In addition to requiring disgorgement of fees and imposition of fines, § 110(j)(2) empowers the Court to enjoin the activities of bankruptcy petition preparers who violate § 110. Section 110(j)(2) provides:

> (A) In an action under paragraph (1), if the court finds that—
>    (i) a bankruptcy petition preparer has—

      (I) engaged in conduct in violation of this section or of any provision of this title;
      (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
      (III) engaged in any other fraudulent, unfair, or deceptive conduct; and
   (ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court[,] the court may enjoin the person from acting as a bankruptcy petition preparer.

11 U.S.C. § 110(j)(2).

    There is clear evidence that previous injunctions against Synergy Law have not been sufficient to deter the Respondents from engaging in the same, violative conduct which is at issue in this case. In Gunzinger, Adv. Proc. No. 18-05126, the Honorable Robert E. Nugent issued "an injunction barring Synergy [Law] from acting as a bankruptcy petition preparer in all federal jurisdictions." Id. at doc. # 8, p. 3. This nationwide injunction appears to still be in effect, as there is nothing in the docket of that proceeding or the underlying bankruptcy case indicating it has been lifted. Hence, Synergy Law has violated that injunction by its conduct in this case.

    The Respondents have also been enjoined in several individual districts. Two decisions from the United States Bankruptcy Court for the District of South Carolina enjoined Synergy Law from appearing in or assisting with any potential or existing bankruptcy case in that District. See Shippy, 2019 Bankr. LEXIS 2458 at *17, 2019 WL 3713684 at *6; see also In re Weathers, 2019 Bankr. LEXIS 2479, *19, 2019 WL 3856935, *7 (Bankr. D. S.C. May 20, 2019). The United States Bankruptcy Court for the Southern District of Texas has also issued an agreed preliminary injunction barring "Synergy Law, its agents, employees, and all other persons in active concert and participation with Synergy Law … from operating as … a bankruptcy petition preparer as defined under the Bankruptcy Code in the Southern District of Texas." In re Synergy Law LLC, Misc. Proc. No. 19-00302 (Bankr. S.D. Tex. Mar. 7, 2019).

    Additionally, there is evidence the Respondents have failed to pay penalties under section 110 in at least some of these cases. See Shippy, 2019 Bankr. LEXIS 2458 at *14, 2019 WL 3713684 at *5 ("The UST, who is also involved in the [Weathers] case, informed the Court that Synergy failed to remit the required payments [for its violations of § 110].").

    The Court recognizes the nationwide injunction currently in place against Synergy Law and finds its misconduct in this case warrants the imposition of further injunctive relief. However, since that entity

9

filed a chapter 7 bankruptcy case, see In re Synergy Law, LLC, case # 19-00555-SMT, this Court is stayed from imposing any further injunction at this time.

As to Mr. Maresca, though, the Court finds it necessary and appropriate to permanently enjoin him from assisting any person in filing for bankruptcy relief in the District of Vermont.

## II. THE DEBTOR'S MOTION

Synergy Law's bankruptcy case automatically stayed the continuation of the Debtor's Motion. See 11 U.S.C. § 362(a)(1). Accordingly, the Court will not rule on the Debtor's Motion at this time.

## CONCLUSION

Based on the foregoing findings, and in light of the Respondents numerous, egregious, and deliberate violations of § 110 of the Bankruptcy Code, sanctions are both required and warranted to deter the Respondents, as well as any other entity or individual acting as a bankruptcy petition preparer, from violating these statutory requirements in this District. As discussed above, however, Synergy Law's pending chapter 7 bankruptcy case operates as a stay of some of the relief sought in the Motions. Accordingly, the Court grants the UST Motion to the extent it seeks an order directing the Respondents to disgorge fees and pay treble fines,[9] stays the UST Motion to the extent it seeks further equitable relief, and stays entirely the Debtor's Motion.

This memorandum constitutes the Court's findings of fact and conclusions of law.

September 25, 2019  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[9] Although the governmental unit exception to the automatic stay permits the entry of a money judgment, see SEC v. Brennan, 808 F.3d 65, 71–72 (2d Cir. 2000), "'the collection of [a money] judgment after entry … is not authorized … and requires a separate application to the bankruptcy court.'" Id. at 72 (quoting NLRB v. 15th Ave. Iron Works, Inc., 964 F.2d 1336, 1337 (2d Cir. 1992)) (emphasis in original).